IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF WAUKEGAN, an Illinois municipal corporation, <br><br> Petitioners, <br><br> vs. <br><br> JAVED ARSHED, SHAHNAZ ARSHED, d/b/a J & S Enterprises; SHELL OIL COMPANY; EQUILON ENTERPRISES LLC, a/k/a Shell Oil Products US; SHELL OIL PRODUCTS COMPANY LLC a/k/a Shell Oil Products Company, <br><br> Defendants. | Case No.    08 C 2657 <br> Judge          Robert W. Gettleman <br> Magistrate:  Maria Valdez |

**MEMORANDUM IN SUPPORT OF DEFENDANTS SHELL OIL COMPANY, EQUILON ENTERPRISES LLC AND SHELL OIL PRODUCTS COMPANY LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, SHELL OIL COMPANY, SHELL OIL PRODUCTS US and SHELL OIL PRODUCTS COMPANY, incorrectly named as EQUILON ENTERPRISES LLC a/k/a SHELL OIL PRODUCTS US, and SHELL OIL PRODUCTS COMPANY LLC a/k/a SHELL OIL PRODUCTS COMPANY (hereinafter the "Shell Entities" or "Shell") state the following as its Memorandum in support the Motion to Dismiss Counts I and II of the Amended Complaint:

**INTRODUCTION**

The two count Amended Complaint seeks to impose liability on the Shell Entities under §6972(a)(1)(B) of Resource Conservation and Recovery Act ("RCRA") and for common law public nuisance. Count I seeks injunctive and declaratory relief, imposition of civil penalties and requests a recovery of costs allegedly associated with leaking underground storage tanks ("LUSTs") at 2159 N. Lewis Avenue in Waukegan, Illinois. [DE 7 at ¶ 2]. Count II alleges a

claim for common law public nuisance. The City seeks "compensatory costs" in connection with this claim. [DE 7].

Counts I and II should be dismissed as to the Shell Entities under Rule 12(b)(6) for at least the following reasons: *First*, Count I fails to allege facts to support a claim under § 6972(a)(1)(B) of the RCRA against the Shell Entities; S*econd*, the City is not entitled to civil penalties; *Third*, the lack of federal question jurisdiction compels dismissal of the state law claim; and *Fourth,* the City cannot state a cause of action for common law nuisance in any event.

## **RELEVANT FACTS**

The following facts are taken as true for purposes of this motion.

The site at issue here is a former gasoline service station located at 2159 N. Lewis Avenue in Waukegan, Illinois. Shell purchased the site in 1988. [DE 7, Ex. D at p. 2]. All underground storage tanks ("USTs") were removed from the site by December 1989. [DE 7, Ex. C at p. 3]. Shell did not operate the site as a gasoline service station. [DE 7, Ex. D at p. 2]. Shell sold the inactive vacant retail facility to Javed Arshed and Shahnaz Arshed, d/b/a J & S Enterprises in 1997. [DE 7 at p. 17]. Shell had no further involvement in any operations in which Arshed and/or J & S Enterprises engaged. Shell notified the IEPA of a release it discovered when it removed the USTs used by previous owners and operators. [DE 7, Ex. B]. This notice prompted a notice from the IEPA. Shell submitted a corrective action plan to the IEPA in 1994 which included ground water investigation. [DE 7, Ex. C]. Shell submitted a groundwater monitoring report in 1997. [DE 7, Ex.D]. Shell then transferred the site to Arshed in 1997. [DE 7 at ¶17]. The Arsheds reported another release to the IEPA in 1999. [DE 7, Count I at ¶ 18].

Plaintiff served a notice of intent to one Shell Entity and the Arsheds on or about April 13, 2005. [DE 7, Count I at ¶23, Ex 6]. Plaintiff filed this suit in May 2008. The amended complaint naming the Shell Entities was filed on May 9, 2008. [DE. 7].

Plaintiff suit is styled in two counts. Count I assets a claim under § 6972(a)(1)(B) of RCRA. This claim is based on allegations that "releases" from UST's on the property "contaminated the soils and groundwater with hazardous materials that may migrate to surrounding properties." [DE 7, Count I at ¶20-21].

Count II sounds in common law public nuisance based on the same alleged contamination. [DE 7, Count II at ¶1-27].

## STANDARD

The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). A court considering a Rule 12(b)(6) motion draws all reasonable inferences that favor the plaintiff, construes the allegations of the complaint in the light most favorable to the plaintiff, and accepts as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Although a court takes as true all well-pleaded facts and allegations in the complaint (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993)) courts should not strain to find favorable inferences that are not apparent on the face of the complaint. *Coates v. Illinois State Bd. of Education*, 559 F.2d 445, 447 (7th Cir. 1977).

A complaint must allege the "operative facts" on which each claim is based to withstand a motion to dismiss. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility

above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), quoting in part, *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

A plaintiff need not "plead facts that, if true, establish each element of a 'cause of action....' " *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (7th Cir.1994) (stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. But any conclusions pled must " 'provide the defendant with at least minimal notice of the claim,' " *Kyle*, 144 F.3d at 455 (*quoting Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir.1995)). A plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit holds that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief"). *Central States, Southeast and Southwest Areas Pension Fund v. O'Neill*, --- F.Supp.2d ----, 2008 WL 905919 (N.D. Ill. 2008).

A plaintiff may in fact "plead itself out of court" and create a basis for dismissal by pleading facts which demonstrate a fatal flaw in its claim. *Trevino v. Union Pacific R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990). For these purposes, facts contained in any attached exhibits are treated as facts pleaded in the complaint. *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.*, 381 F. Supp. 2d 730, 732 (N.D. Ill. 2005); *see also, Bennett Schmidt*, 153 F.3d 516, 519 (7th Cir.

4

1998) ("Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail"). The facts contained in an exhibit control over contrary allegations in the complaint. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006).

Dismissal of Counts I and II against the Shell Entities is proper here because the City's allegations and the exhibits attached to the complaint make clear that the Shell Entities did not generate waste or engage in activities that contributed to causing the contamination the City alleges poses an imminent threat. The facts also defeat the City's imminent danger allegations. Finally, the same facts defeat the common law nuisance claim.

## I.  COUNT I FAILS TO PLEAD THE NECESSARY ELEMENTS OF A RCRA CITIZEN SUIT

RCRA represents a comprehensive federal program regulating the generation, transportation, storage, treatment, and disposal of hazardous waste." *U.S. v. Bethlehem Steel Corp.*, 38 F.3d 862, 862 (7th Cir. 1994). RCRA is not principally designed to effectuate the cleanup of toxic waste sites or to compensate those who have attended to the remediation of environmental hazards. *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996). Instead, RCRA's primary purpose is to reduce the generation of hazardous waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless generated, so as to minimize the present and future threat to human health and the environment. *Id.*.

A *prima facie* claim under § 6972(a)(1)(B) of the RCRA, requires a plaintiff to plead and prove that: (1) the defendant generated solid or hazardous waste, (2) the defendant is contributing to or has contributed to the handling, storage, disposal, treatment or transportation of this waste, and (3) this waste may present an imminent and substantial danger to health or the environment. *Sycamore Indus. Park Assoc. v. Ericsson, Inc.*, 2008 WL 109108 (N.D. Ill, Jan. 9,

2008); 42 U.S.C. § 6972(a)(1)(B); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002).

The City's complaint consists of a formulaic recitation of the RCRA statute among which summary and conclusory allegations are woven in an attempt to state a claim for relief. There are no facts that support the apparent leap the City would have this Court take. A review of the facts alleged and those contained in exhibits attached to the Amended Complaint shows that none of the statutory elements are satisfied.

### A.  The Shell Entities Did Not Generate Waste

The first element of a RCRA claim is plainly designed to impose liability on generators of waste. The City's summary allegation that the Shell Entities owned and operated four UST's at the site from 1988 until 1990 is belied by the exhibits attached to the complaint.

Exhibit C reveals that all USTs on the site were removed in December 1989. More importantly, Exhibit D shows that, even before the abandoned UST was removed in 1989, the Shell Entities *did not operate* the former gasoline service station as a gasoline service station or otherwise. [DE 7, Ex. D at 2].

The City's allegations against the Shell Entities amount to nothing more than speculation and a hypothesis that it is liable for contamination the City claims is on the property solely based on its former ownership status. *Twombly*, 127 S.Ct. at 1965. But this hypothesis does not match the facts in the exhibits which control over contrary allegations in the complaint. *Sanjuan*, 40 F.3d at 251; *Massey*, 464 F.3d at 645. To the contrary, these facts demonstrate that the City pled itself out of court. *Trevino*, 916 F.2d at 1234.

The City failed to allege an injury that is fairly traceable to the actions of the Shell Entities. Dismissal of Count I is appropriate as a result.

### B. The Shell Entities Did Not Contribute to the Waste

Even if the City sufficiently pled that the Shell Entities generated waste, the exhibits to the complaint make clear that the Shell Entities did not engage in any gasoline service station activities during its brief ownership - the site was a non-active retail facility. [DE 7, Ex. D at 2.]. The Shell Entities sold the site in 1997 which terminated any and all interest it had in the property. These are the well pled facts that support the City's RCRA claim against the Shell Entities. But it is axiomatic that one cannot contribute to the handling, treatment, storage or disposal of solid or hazardous waste absent active involvement in some activity involving that waste. *See e.g.*, *Triffler v. Hopf*, 1994 WL 643237, *6 (N.D. Ill. 1994) (contribution contemplates active human involvement); *Interfaith Community Organization v. Honeywell International, Inc.*, 263 F. Supp. 2d 796, 831 (D.N.J. 2003) (same).

The only facts presented here show that there were no tanks on the site from 1989 until the Shell Entities sold the site in 1997. [DE 7, Ex. C at 3]. There are no facts alleged to support the liberal hypothesis that the removal itself constitutes "contribution" as that term is used in RCRA. The only allegation is the formulaic recitation that the Shell Entities "owned and operated four UST's for the storage of petroleum products" at the site. [DE 7 at ¶14]. The inaccuracy of these allegations is laid bare by Exhibits C and D. The contrary facts in the exhibits control and confirm that the Shell Entities did not contribute to the handling, storage, treatment or disposal of waste at the site. The absence of any contribution by the Shell Entities is fatal to the City's RCRA claim.

### C. Count I Does Not Allege that Shell Contributed Waste or that any Alleged Contribution Presents an Imminent Harm

The third element of a RCRA claim requires proof that the waste the defendant generated presents an imminent risk. *Sycamore*, 2008 WL 109108 at *5. This element cannot be satisfied

7

because, as set out above, there are no allegations that the Shell Entities either generated or contributed to the handling, storage, treatment or disposal of waste at the site. The most the Shell Entities did was purchase a former gasoline service station, remove abandoned USTs used by the former operator and then sell the property.

It follows then that there is no imminent danger attributable to Shell—a former owner who never operated on the site. Holding Shell liable under these summary and conclusory facts is tantamount to allowing a plaintiff to use RCRA to redress past wrongs (in this case, Shell would be required to remediate another operator's contamination). This is not the purpose of RCRA. *See Aurora Nat. Bank v. Tri Star Marketing, Inc.,* 955 F. Supp 894, 897 (N.D. Ill. 1997) (the thrust of RCRA is prospective).

More importantly, the City's failure to name all former owners or operators as defendants in this action requires the City to prove what waste the Shell Entities generated and contributed that form the imminent danger triggering a right to relief under RCRA. *Zands v. Nelson*, 797 F. Supp. 805, 810-11 (S.D. Cal. 1992). The City cannot accomplish this task because the undisputed facts make clear that the Shell Entities neither operated nor used the USTs at the site.

There are no facts to support a finding that any prospective future harm (to the extent any exists) is attributable or traceable to the Shell Entities' generation and/or contribution of waste. Consequently, dismissal of Count I is proper.

**D. There Are No Allegations that the Shell Entities are in Violation of RCRA**

Absence of elements aside, there are no allegations that Shell is in violation of RCRA regulations as they relate to USTs. To the contrary, all the facts alleged and the exhibits attached to the complaint confirm the Shell's compliance with applicable regulations.

Shell removed abandoned USTs that it did not use. Evidence of an earlier release was observed on removal, which release Shell reported to the IEPA. Shell then submitted a Corrective Action Form in response to the IEPA notice. Shell submitted a further report in 1997. There are no allegations, save the summary and conclusory allegations about the term of the Shell Entities' ownership, that the Shell Entities are in any way in violation of any RCRA regulation. *June v. Town of Westfield*, 370 F.3d 255, 259 (2d Cir. 2004); *Clorox Co. v. Chromium Corp.*, 158 F.R.D. 120, 124 (N.D. Ill. 1994).

For instance, the City noticeably does not allege that Shell failed to comply with an agency directive or otherwise is in violation of a particular RCRA regulation. To the contrary, the above makes clear that Shell is in full compliance with any obligation it may have under RCRA. Indeed, a fair inference from the well pled facts is that the agency accepted Shell's submissions and released it from further responsibility as to this site which it no longer owns. This inference is supported by the fact that the 1999 notice of release could not be attributed to Shell who never operated on the site and who had sold its interest in the property two years earlier. Dismissal of Count I is appropriate for this additional reason.

## II.  PLAINTIFF IS NOT ENTITLED TO CIVIL PENALTIES IN ANY EVENT

Were this Court to conclude that the RCRA claim against Shell is legally sufficient, there is no set of facts that entitle the City to the civil penalties it requests in its Amended Complaint.

Plaintiff seeks civil penalties under section 7002(a)(1)(B) of RCRA under for the Shell Entities alleged violations of the Underground Storage Tank provisions of Section IX. But, citizen suits brought under section 7002(a)(1)(B) do not provide for the recovery of civil penalties for alleged violations of Section IX.

### A. Civil Penalties Are Not Available Under Section 7002(a)(1)(B)

Section 7002(a) plainly provides that "[t]he district court shall have jurisdiction . . . to apply any appropriate civil penalties under *section 6928(a) and (g) of this title*." 42 U.S.C. § 6972(a) (emphasis added). Subsection (a) of section 6928 ("Federal enforcement") pertains to compliance orders issued by the EPA Administrator, and subsection (g) provides civil penalties for violations *of that subchapter*. 42 U.S.C. § 6928(a) and (g) (emphasis added). The subchapter referred to in subsection 6928(g) is Subchapter III ("Hazardous Waste Enforcement"), which governs the 'cradle-to-grave' management of hazardous waste.

The City's Amended Complaint alleges violations of the RCRA underground storage tank provisions—governed by Subchapter IX.[1] "Subchapter III is distinct from Subchapter IX. Subchapter IX, a self-contained Subchapter of RCRA, has its own set of enforcement provisions, including the ability to assess civil penalties under certain circumstances. 42 U.S.C. 6991e(d). But, the citizen suit provision in 6972(a) only authorizes a district court to apply civil penalties under Subchapter III, not Subchapter IX." *College Park Holdings, LLC v. RaceTrac Petroleum, Inc.*, 239 F. Supp. 2d 1334, 1349 (N.D. Ga. 2002). Nor could Plaintiff bring this action on behalf of the EPA Administrator or the United States. *Village of Riverdale v. 138th Street Joint Venture*, 527 F. Supp. 2d 760, 768 (N.D. Ill. 2007) ("The "Administrator" refers to the Administrator of the Environmental Protection Agency. … [t]hus, civil penalties are not appropriate or available to Riverdale under Section 6972(a)(1)(B)."); *Burnette v. Carothers*, 192 F.3d 52, 54 (2d Cir. 1999) ("The statutes at issue [including RCRA Section 7002] do not grant citizens the right to sue on behalf of the United States nor do they establish a formula for

---

[1] "This action arises from the storage, disposal and release of hazardous substances resulting from one or more leaking underground storage tanks ("LUSTs") from a former gasoline service station. …" [DE 7 at ¶ 2].

recovering civil penalties. To the contrary, the citizen suit provisions authorize 'any citizen [to] commence a civil action on his own behalf.' * * * 42 U.S.C. § 6972").

This Court reached the same conclusion in similar cases brought under the citizen suit provision of section 6972(a)(1)(B). *See, e.g., Village of Riverdale*, 527 F. Supp. 2d at 768 ("Riverdale . . . is not entitled to recover any penalties that may have been due to [the Administrator or the United States] under Sections 6928(a) or (g), which are the only civil penalties a district court may award under Section 6972(a)"); *Dydio v. Hesston Corp.*, 887 F. Supp. 1037, 1039 n. 2 (N.D. Ill. 1995) ("it is absolutely clear from the language of the statute [section 6972] that the court is not authorized to apply the civil penalty provisions of subchapter IX").

**B.   Civil Penalties Under Section 7002(a)(1)(B) Are Alternatively Barred By The Statute Of Limitations.**

Plaintiffs bringing civil suits and seeking civil penalties under RCRA, 42 U.S.C. § 6972(a) are bound by the five year statute of limitations in 28 U.S.C. § 2462. *Glazer v. American Ecology Environmental Services Corp.*, 894 F. Supp. 1029, 1044 (E.D. Tex. 1995); *Bodne v. George A. Rheman Co., Inc.*, 811 F. Supp. 218, 221 (D. S.C. 1993). Only in RCRA actions seeking <u>only</u> injunctive relief have court held that no statute of limitations applies. *Nixon-Egli Equipment Co. v. John A. Alexander Co.*, 949 F. Supp. 1435, 1440-41 (C.D. Cal. 1996).

While the statute of limitations is an affirmative defense that normally is first raised on a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, *Sycamore Indus. Park Assoc. v. Ericsson, Inc., slip op.*, 2007 WL 1266296, *2 (N.D. Ill., April 26, 2007), this case falls squarely within the exception noted in *Sycamore*, where a plaintiff pleads facts establishing the defense, and effectively pleads itself out of court. The amended complaint adding the Shell Entities was

11

filed on May 9, 2008. The Complaint alleges only one act attributable to Shell, and that release occurred nearly two decades prior to the filing of this action. Therefore, based on the allegations in the Complaint itself, Waukegan's RCRA count is barred by limitations.

Thus, even if this Court were to conclude that the City may seek civil penalties under the RCRA citizen suit provision, the City's claim would be time barred.

### III. COUNT II SHOULD BE DISMISSED

Count II purports to allege a claim for common law public nuisance. This Court's jurisdiction of the state law claim is based on supplemental jurisdiction. The discussion above makes clear that there is no valid cause of action against the Shell Entities under RCRA. The absence of a claim over which this Court has original jurisdiction should prompt dismissal of the state law claim. Shell submits that the common law nuisance claim otherwise fails on the merits.

A district court may decline to exercise supplemental jurisdiction over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. §1367(c)(3). As the Seventh Circuit explained, a district court's decision to relinquish supplemental jurisdiction is "the norm, not the exception." *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) *quoting Disher v. Information Resources, Inc.*, 873 F.2d 136, 140 (7th Cir. 1989); *Voss v. Waste Management of Ill., Inc.*, 2006 WL 305781 (N.D. Ill. Feb. 2, 2006).

The state law claim here should be dismissed in the absence of federal question jurisdiction. Even if this Court were to disagree, the common law state claim fails on the merits because Shell's conduct is not the proximate cause of the alleged release.

A *prima facie* case for public nuisance requires a plaintiff to plead and prove the following elements: (1) the existence of a public right; (2) a substantial and unreasonable interference with that right by the defendant; (3) proximate cause; and (4) injury. *City of Chicago v. American Cyanamid Co.*, 823 N.E.2d 126, 130-31 (Ill. App. Ct. 2005). "Proximate

cause" requires the plaintiff to allege and demonstrate "that the defendant's negligence was (1) the actual cause or the cause in fact of his injury, *i.e.,* but for the defendant's conduct, the accident would not have occurred; and (2) the legal cause of his injury, *i.e.,* the defendant's conduct was so closely tied to the plaintiff's injury that he should be held legally responsible for it." *McCraw v. Cegielski,* 680 N.E.2d 394, 396 (Ill. App. Ct. 1996).

Plaintiff has not alleged that the alleged contamination would have occurred absent Shell's conduct, or that Shell's conduct was a material element and a substantial factor in bringing about the harm—nor can the City make these claims. As stated above, Shell merely purchased the former gasoline service station, removed the abandoned USTs used by the former operator, and sold the property. Nor has Plaintiff alleged that Shell's mere purchase of the property and removal of the USTs is any way tied to the operation of the USTs and the release at the Subject Property. Dismissal of the common law nuisance claim is proper and should be granted.

WHEREFORE, for the foregoing reasons, Defendants Shell Oil Company; Equilon Enterprises LLC a/k/a Shell Oil Products US; Shell Oil Products Company LLC a/k/a Shell Oil Products Company, respectfully request that this Court grant its motion and dismiss Counts I and II of Plaintiff's Amended Complaint with prejudice and for such other relief as this Court deems proper.

Dated: July 2, 2008                    Respectfully submitted,


                                       By:  /Rosa M. Tumialán
                                            One of the Attorneys for Defendants
                                            Shell Oil Company, Equilon Enterprises LLC and Shell
                                            Oil Products LLC

Harry N. Arger ARDC # 6198806
Rosa M. Tumialán ARDC # 6226267
Michelle A. Gale ARDC #6277913
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312)876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on **July 2, 2008,** I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel set forth below:

      Michael S. Blazer  Mblazer@enviroatty.com
      Lance E. Franke   lefranke@enviroatty.com

                                       *s/ Rosa M. Tumialán*