**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE CITY OF WAUKEGAN, an Illinois municipal corporation,<br><br>      Petitioners,<br><br>vs.<br><br>JAVED ARSHED, SHAHNAZ ARSHED, d/b/a J & S Enterprises; SHELL OIL COMPANY; EQUILON ENTERPRISES LLC, a/k/a Shell Oil Products US; SHELL OIL PRODUCTS COMPANY LLC a/k/a Shell Oil Products Company,<br><br>      Defendants. | Case No.   08 C 2657<br>Judge      Robert W. Gettleman<br>Magistrate:  Maria Valdez |

**SHELL OIL COMPANY, EQUILON ENTERPRISES LLC AND
SHELL OIL PRODUCTS COMPANY LLC'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS**

The Shell Defendants ("Shell") moved to dismiss the City's complaint because the exhibits attached to that complaint defeat the claims the City purports to assert against Shell. The City's response notably fails to address the pleading flaws created by the exhibits. The City instead resorts to a general discussion about the elements of a RCRA citizen suit and remarks how the statutory elements are alleged in its complaint. Simply put, the City offers nothing to lead this Court to allow the amended complaint to stand.

**1.   THE CITY'S RCRA ARGUMENT MISSES THE MARK.**

The City's response makes clear its belief that a formulaic recitation of the RCRA citizen suit provision is sufficient to state a legally sufficient claim. The City overlooks that its complaint has attached to it exhibits that contradict the factual elements required to state a RCRA claim.

The City does not address the contradictory and controlling facts that show the City pled itself out of court. The City instead embarks on a marginally relevant discussion of the pleading standard required following the Supreme Court's decision in *Twombly*. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This discourse overlooks that Shell's motion does not advocate a radical departure from established pleading requirements. Shell's motion rather directly and succinctly identifies how contrary facts contained in the City's exhibits nullify the otherwise conclusory allegations in its amended complaint. Put another way, while the City may be correct that the allegations asserted, standing alone, may state a valid claim for RCRA relief (an issue Shell does not concede), no cause of action is stated here where the allegations are contradicted by exhibits showing that Shell did not generate waste, did not contribute to its handling or disposal and did not otherwise create an imminent harm to the environment.

The exhibits at best show that Shell merely owned a former gasoline service station. The UST's to which the City refers were removed in 1989 which belies the allegation that Shell owned UST's from 1989 through 1997. Merely alleging that Shell is a former owner of the property is not sufficient.[1] *Aurora Nat'l Bank v. Tri Star Mktg., Inc.*, 990 F. Supp. 1020, 1034 (N.D. Ill. 1998) (owner of contaminated property, who simply leased land on which gasoline service station was operated, was not a "contributor" to disposal of hazardous waste by leakage from underground storage tanks under RCRA citizen suit provision, for purposes of claim by former operators seeking to avoid their own potential liability because of owner's contribution); *ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 359 (2d Cir. 1997) (companies

---

[1] Plaintiff alleges that "[t]here is no indication that Shell ever contested or questioned its responsibility in connection with the release of petroleum products." On the contrary, Shell indicated to government agencies that the release was discovered during its removal of the tanks, not that it ever operated those tanks or caused the release. (Exhibit D.)

2

previously in control of contaminated property could not be held liable to present owner under RCRA absent any proof that they spilled hazardous chemicals or otherwise contaminated site); *Zands v. Nelson*, 779 F. Supp. 1254, 1263-64 (S.D. Cal. 1991) (plaintiff in RCRA citizen suit must show handling, storage, treatment, or transportation of solid waste to prevail, as RCRA is intended to apply to those who create solid waste, those who transport it or handle it during its life, and those who provide a final resting place for it).

If the legislature had intended to make owners who do not actively contribute to the waste liable under RCRA, it would have so provided in the statute. The plain language of the statute makes clear that former ownership of the contaminated property, without more, does not state a *prima facie* case for a RCRA citizen suit. *Sycamore v. Ericsson*, 2008 WL 109108, *5 (N.D. Ill. January 9, 2008) (emphasis added) ("To establish a *prima facie* imminent hazard citizen suit claim under RCRA, a plaintiff must allege (1) that the defendant **has generated** solid or hazardous waste, (2) that the defendant **is contributing to or has contributed** to the handling, storage, disposal, treatment or transportation of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment.").

The City hypothesizes "that the contamination at issue resulted, at least in part, in the course of Shell's removal of the USTs." [DE 24 p. 3 at n. 2.] This allegation was not made in the complaint and cannot be considered in response to a motion to dismiss as a result. *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 771 (N.D. Ill. 2008) (requiring the court to consider facts outside of the four corners of the complaint is improper on a motion to dismiss).

Similarly, the City does not, and cannot, allege that the Shell Entities contributed to waste which "may present an imminent and substantial endangerment to health or the environment." Merely pleading that the Shell Entities "owned and operated four USTs for the

3

storage of petroleum products" at the site – which allegations are contradicted by Exhibits C and D - does not sufficiently allege contribution. [DE 7 at ¶ 14.]

Nearly twenty years have passed since the Shell Entities owned the site and the current owner reported another release only ten years ago, yet the City still relies on the same conclusory statements plead in its complaint: "[t]he property is substantially and significantly contaminated with petroleum products." *Foster v. United States*, 922 F. Supp. 642, 661 (D.D.C. 1996) ("In order to establish 'imminence,' the plaintiff must prove that the risk of threatened harm is *currently* present on the Site, and that the 'potential for harm is great.'"). Pleading the conclusory statement that petroleum products "may present an imminent and substantial endangerment," without more, is insufficient to allege imminent harm.[2]

## III.   COUNT II SHOULD BE DISMISSED FOR THE SAME REASONS.

Given the City's failure to adequately plead a *prima facie* case under RCRA's citizen suit provision, this Court should dismiss the state law nuisance claim. However, the common law nuisance claim still fails on the merits, as Shell's conduct is not the proximate cause of the alleged release. Plaintiff once again relies upon the deficient allegations of the complaint; as a result, disposing of the common law nuisance claim in the context of a motion to dismiss is proper. *Truck Components, Inc. v. K-H Corp.*, 1995 WL 692541, *12 (N.D. Ill. Nov. 22, 1995) (dismissing a public nuisance action when plaintiff failed to allege a prima facie element: "some special damage different in kind from that suffered by the general public").

---

[2] The City makes much of a statement in a Groundwater Monitoring Report ("Receptor Survey: Potential receptor – Adjacent apartment building to the east."). (Exhibit D.) A consultant's identification of a potential receptor is just that: the identification of a *potential* receptor. Plaintiff fails to mention that this same exhibit states: "Non-active retail facility. Shell purchased the property in 1988 from Union Oil Company. The UST system was removed shortly thereafter. No indications that Shell had operated at the site."

4

WHEREFORE, for the foregoing reasons, Defendants SHELL OIL COMPANY, SHELL OIL PRODUCTS US and SHELL OIL PRODUCTS COMPANY, incorrectly named as EQUILON ENTERPRISES LLC a/k/a SHELL OIL PRODUCTS US, and SHELL OIL PRODUCTS COMPANY LLC a/k/a SHELL OIL PRODUCTS COMPANY respectfully request that this Court grant its motion and dismiss Counts I and II of Plaintiff's Amended Complaint with prejudice and for such other relief as this Court deems proper.

Dated: August 26, 2008               Respectfully submitted,


                                     By:  s/*Rosa M. Tumialán*
                                          One of the Attorneys for Defendants
                                          Shell Oil Company, Shell Oil Products US and Shell
                                          Oil Products Company

Harry N. Arger ARDC # 6198806
Rosa M. Tumialán ARDC # 6226267
Michelle A. Gale ARDC #6277913
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312)876-1700

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 26, 2008,** I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel set forth below:

Michael S. Blazer   Mblazer@enviroatty.com
Derek B. Brieman   dbrieman@enviroatty.com

Notice by regular mail was provided to:

Javed Arshed
Shahnaz Arshed
187 Timber Oaks Dr.
North Aurora, Il 60542

*s/ Rosa M. Tumialán*